Filed 4/30/13  P. v. Thomas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREG LEE THOMAS,<br><br>    Defendant and Appellant. | D062633<br><br><br>(Super. Ct. No. SCD240952) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Greg Thomas pleaded guilty to five counts alleged in the criminal complaint,[1] including possession of personal identifying information of 10 or more individuals with intent to defraud (§ 530.5, subd. (c)(3)), making or using a counterfeit access card (§ 484f, subd. (a)), forgery (possessing a completed paper, § 475, subd. (c)), forgery (possessing a blank paper, § 475, subd. (b)), and resisting an officer (§ 148, subd. (a)(1)).

---

1    All statutory references are to the Penal Code.

Thomas also admitted the four prior prison term allegations (§ 667.5, subd. (b)), a prior strike conviction allegation (§ 667, subds. (b)-(i)), and eight prior probation denial allegations (§ 1203, subd. (e)(4)).

The court denied Thomas's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, dismissed the four prior prison term allegations, denied probation, and sentenced Thomas to 32 months in state prison. The court also imposed various fines and calculated credits.

Thomas appeals. We affirm the judgment.

FACTS

At the readiness conference, there was no plea agreement with the district attorney's office. However, the trial court had indicated that if Thomas pleaded guilty the court would impose a maximum sentence of 32 months in state prison, to run concurrently with any term for his parole violation, and would consider commitment to the California Rehabilitation Center (CRC). Considering those assurances, Thomas pleaded guilty to all charges and admitted all allegations.

At the subsequent sentencing hearing, defense counsel stated Thomas wished to withdraw his guilty plea. The basis for withdrawing the plea was that Thomas, as well as counsel and the court, believed commitment to CRC was an option, but that option had been foreclosed by extraneous events. The court advised Thomas that, even if it had been legally permitted to grant Thomas a return to CRC, it would not have granted his request because of the information in the probation report, but it would still adhere to the other previously-indicated benefit of imposing a 32-month sentence, and asked Thomas what

2

he wished to do. After conferring with Thomas, defense counsel stated he wanted to proceed to sentencing; Thomas did not further pursue any motion to withdraw his guilty plea.

The court, although denying Thomas's *Romero* motion, dismissed the four prior prison term allegations based in part on Thomas pleading guilty at an early stage, and imposed a 32-month sentence along with various fees. Thomas appealed and obtained a certificate of probable cause from the trial court.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies as possible, but not arguable, issues: (1) whether the court should have sua sponte evaluated whether to appoint new counsel under *People v. Marsden* (1970) 2 Cal.3d 118; (2) whether the court should have further examined the basis for Thomas's request to withdraw his guilty plea; (3) whether his waiver of his right to pursue appellate challenges to denial of his *Romero* motion is valid; (4) whether the order on fines, fees and restitution was valid; and (5) whether credits were properly calculated.

We granted Thomas permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no reasonably

3

arguable appellate issues, and Thomas has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.


McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.